Dear Representative Hebert:
This office is in receipt of your request for an official Attorney General opinion. As I understand your question, you wish to know whether or not the Health Care Consumer Billing and Disclosure Act, (LSA R.S. 250.41 et seq.) conflicts with the Healthcare Provider Lien Statute (LSA R.S. 9:4752). In order to properly address this question, we must first look to the Health Care Consumer Billing and Disclosure Act (hereinafter the Billing and Disclosure Act).
The Billing and Disclosure Act prohibits two types of medical billing, discount billing and dual billing, defined as follows:
 "Discount billing" means any written or electronic communication issued by a contracted health care provider that appears to attempt to collect from an enrollee or insured an amount in excess of the contracted reimbursement rate for covered services. (emphasis added)[1]
 "Dual billing" means any written or electronic communication issued by a contracted health care provider that sets forth any amount owed by an enrollee or insured that is a health insurance issuer liability.[2]
It is important to note that the billing practices defined in both LSA-R.S. 22:250.42(9) and (10) govern transactions between an enrollee or insured and a contracted health careprovider.[3]
In general, statutory interpretation begins "as [it] must, with the language of the statute." Bailey v. United States,516 U.S. 137, 116 S.Ct. 501, 506, 133 L.Ed.2d 472 (1995). Where a statute is clear and unambiguous, and its application does not lead to absurd results, the law shall be applied as written and no further interpretation may be made in search of the intent of the legislature. La. Civ. Code art. 9. Moreover, "[t]he plain meaning of legislation should be conclusive, except in the `rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters' [in which case] the intention of the drafters, rather than the strict language controls." State v. Benoit, 817 So.2d 11(5/14/02).
It is apparent under the rules of statutory interpretation that in order for the Billing and Disclosure Act to apply, the health care provider must be contracted with the patient's health insurance plan to provide services to its participants.
Next, we look to the Healthcare Provider Lien Statute (LSA-R.S.9:4752) to determine if a conflict exists.[4]
In regard to amounts charged for professional services, LSA-R.S.9:4752 only limits the amount of the lien to "reasonable charges or fees." Nothing in this statute addresses contracted reimbursement rate as in the Billing and Disclosure Act. In fact, the charges or fees at issue in the Provider Lien Statute are not necessarily those which are the responsibility of the patient, but rather of a third party and/or its insurer.
When the LSA-R.S. 250.41 et seq. and LSA-R.S. 9:4752 are read together, it appears that the Billing and Disclosure Act does place one procedural limitation on the health care provider lien. That is, if a patient is an enrollee or insured covered by LSA-R.S. 250.41 et seq., a provider may not at any time "bill" the enrollee or insured directly for any amount that is not their responsibility nor may the provider bill the enrollee or insured's health insurance carrier an amount in
excess of the contracted reimbursement rate.[5] Clearly the purpose of LSA-R.S.
9:4752 is to place the burden of medical fees on the person alleged to be liable to the injured person and/or their insurance company, not the patient himself. Therefore, as long as a provider does not attempt to hold an enrollee/insured or their health insurance carrier as the responsible party for any amount in excess of the contracted reimbursement rate, there is no violation of the Billing and Disclosure Act.
Based upon the application of the rules of statutory construction to the language of LSA-R.S. 250.41 et seq. and LSA- R.S. 9:4752, it is the opinion of this office that no conflict exists between the two statues. In general, health care providers are free to execute liens for their charges or fees when appropriate as long as they do not bill an enrollee or insured directly for any fee that is not their contractual responsibility.
Very truly yours,
 CHARLES C. FOTI, JR. ATTORNEY GENERAL
BY: ________________________
 Kristi M. Garcia Assistant Attorney General
KMG:bh
[1] LSA-R.S. 22:250.42(9)
[2] LSA-R.S. 22:250.42(10)
[3] LSA-R.S. 22:250.42(6) defines "contracted health care provider" as a health care provider that has entered into a contract or agreement directly with a health insurance issuer or with a health insurance issuer through a network of providers for the provision of covered health care services.
LSA-R.S. 22:250.42(11) defines "enrollee" or "insured" as a person who is enrolled in or insured by a health insurance issuer for health insurance coverage
[4] A health care provider, hospital, or ambulance service that furnishes services or supplies to any injured person shall have a privilege for the reasonable charges or fees of such health care provider, hospital, or ambulance service on the net amount payable to the injured person, his heirs, or legal representatives, out of the total amount of any recovery or sum had, collected, or to be collected, whether by judgment or by settlement or compromise, from another person on account of such injuries, and on the net amount payable by any insurance company under any contract providing for indemnity or compensation to the injured person.
[5] LSA-R.S. 22:250.42(3) defines a "bill" as any written or electronic communication that sets forth the amount owed by an enrollee or insured.
LSA-R.S. 22:250.42(7) defines "contracted reimbursement rate" means the aggregate maximum amount that a contracted health care provider has agreed to accept from all sources for provision of covered health care services under the health insurance coverage applicable to the enrollee or insured.